UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANNIE CAMPO and EDWARD NAMAN | * | CIVIL ACTION |
| VERSUS | * | NO. 06-2611 |
| STATE FARM FIRE AND CASUALTY COMPANY | * | SECTION "L"(3) |

ORDER AND REASONS

Before the Court is the Defendant State Farm Fire and Casualty Company's Motion to Sever Under Fed. R. Civ. Pro. 21 or, Alternatively, To Separate For Trial Under Fed. R. Civ. Pro. 42 (the "Motion to Sever") (Rec. Doc. No. 16). For the following reasons, the Motion to Sever is GRANTED.

I.      **Factual and Procedural Background**

Plaintiffs in this action–Annie Campo, Edward Naman, Robert M. Freire, Jr. and Susan S. Freire–are all property owners in St. Bernard Parish, Louisiana who allege that they suffered damages to their residences as a result of Hurricane Katrina. Plaintiff Campo resided at 5101 Hopedale Highway in St. Bernard Parish; Plaintiff Naman resided at 3313 Hopedale Highway, in St. Bernard Parish; Plaintiffs Robert and Susan Freire resided at 2801 Hopedale Highway in St. Bernard Parish. Plaintiffs, who held homeowner's insurance policies for their residences with the Defendant, State Farm Fire and Casualty Company, have sued seeking the full amount of damages and losses caused by Hurricane Katrina alleging that the Defendant has: (1) refused to adjust and apply its own policies of insurance to the Plaintiffs; (2) refused to fairly adjust the Plaintiffs' claims; and (3) refused to fairly compensate the Plaintiffs for their damages

and loss.  Initially, the Plaintiffs filed suit in the St. Bernard Parish Civil District Court.  The Defendant removed the action to this Court and has filed the Motion to Sever.

## II.     The Motion to Sever

The Defendant argues that the Plaintiffs' claims should be severed because the claims involve different properties, different insurance adjusters, different witnesses, different combinations of wind and flood, different injuries, different policies and different defenses.  As a result, the Plaintiffs' claims do not arise out of a common transaction or occurrence as required by Fed. R. Civ. Pro. 20(a).  Additionally, the Defendants point to several recent decisions from the Southern District of Mississippi and the Eastern District of Louisiana where the courts held that the fact that Hurricane Katrina caused the damage in question was insufficient, by itself, to satisfy the common transaction or occurrence requirement in Rue 20(a).

The Plaintiffs oppose the Motion to Sever arguing that the Court has broad discretion to sever improperly joined claims.  Plaintiffs also argue that judicial economy will be best served by not severing the Plaintiffs' claims because they believe that the Plaintiffs and the Defendant will each rely on a single expert for each issue.

## III.    Law and Analysis

### A.     Rule 20(a)

Federal Rule of Civil Procedure 20(a) establishes the requirements for the permissive joinder of parties: (1) whether the right to relief arises out of the same transaction, occurrence, or series of transaction or occurrences, and (2) whether there are questions of law or fact common to all of the plaintiffs that will arise in the action.  Fed. R. Civ. P. 20(a).  Both requirements must be satisfied in order for the parties to be properly joined.  *Rohr v. Metro.Ins. & Cas. Co.*, Civ. A.

No. 06-10511, 2007 WL 163037, *1 (E.D. La. Jan. 17, 2007).

"[T]he transaction and common question requirements prescribed by Rule 20(a) are not rigid tests ... they are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy." *Wade v. Minyards Food Stores*, Civ. A. No. 03-1403, 2003 WL 22718445, *1 (N.D. Tex. Nov. 17, 2003) (internal quotation marks omitted). As instructed by the Supreme Court, district courts should take a liberal approach to permissive joinder in the interest of judicial economy. *United Mine Workers v. Gibb*, 383 U.S. 715, 724 (1966).

### B.     Rule 21

Rule 21 provides a district court with "broad discretion" to sever improperly joined parties. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994); *see also Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000). "Once a claim has been severed ... it proceeds as a discrete unit with its own final judgment, from which an appeal may be taken."  7 Wright, Miller & Kane, *Federal Practice & Procedure* §1689 (3d ed. 2001).

A district court may consider the following factors in order to determine whether claims should be severed:  (1) whether the claims arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance, and (5) whether different witnesses and documentary proof are required for separate claims.  *See McFarland v. State Farm Fire & Cas. Co.*, Civ. A. No. 06-466, 2006 WL 2577852, *1 (S.D. Miss. Sept. 6, 2006) (*citing Morris v. Northrop Grumman Corp.*, 37 F. Supp.2d 556, 580 (S.D.N.Y. 1999)).

### C. Analysis

In the wake of Hurricanes Katrina and Rita, several courts in the Southern District of Mississippi and the Eastern District of Louisiana have been faced with cases with substantially similar facts. Typically, these courts have ordered that the plaintiffs' claims be severed due to the fact that the claims did not arise from the same transaction or occurrence. *See, e.g.*, *Sucherman v. Metropolitan Prop. & Cas. Ins. Co.*, Civ. A. No. 06-8756, 2007 WL 1484067 (E.D. La. May 21, 2007) (Vance, J.); *Cresson v. State Farm Fire & Cas. Co.*, Civ. A. No. 06-8788, 2007 WL 1191817 (E.D. La. April 19, 2007) (Vance, J.); *Rohr*, 2007 WL 163037 (Feldman, J.); *Vaz v. Allstate Prop. & Cas. Co.*, Civ. A. No. 06-481, 2006 WL 2583733 (S.D. Miss. Sept. 6, 2006) (Walker, M.J.).

In *Sucherman*, the court was faced with the identical situation as the case at hand: several plaintiffs alleged that they suffered damages to their respective homes as a result of Hurricane Katrina. 2007 WL 1484067 at *1. Each of the plaintiffs held homeowners' insurance policies with the defendant and sued for breach of contract and bad faith under Louisiana Revised Statutes §§ 22:658 and 22:1220. *Id.* Relying on her decision in *Accardo v. Lafayette Insurance Company*, Judge Vance held that the plaintiffs could not rely on the fact that Hurricane Katrina caused damage to all of their properties as a basis for joining their claims against the defendant. *Id.* at *2. Because each claim involved different factual and legal issues, the claims did not arise out of the same transaction and occurrence. *Id.*

As Judge Senter stated, in denying a motion for class certification, "[e]ach property owner ... who had real and personal property damaged in Hurricane Katrina is uniquely situated." *Comer v. Nationwide Mut. Ins. Co.*, Civ. A. No. 05-436, 2006 WL 1066645, *2 (S.D.

Miss. Feb. 23, 2006).  This Court is persuaded by the reasoning of *Sucherman*, *Rohr*, and *Comer* and concludes that the Plaintiffs have failed to satisfy the common transaction or occurrence requirement of Rule 20(a).  The only common elements between the Plaintiffs' claims are that their claims arise from damages caused by Hurricane Katrina and that each Plaintiff had a separate insurance policy with the Defendant.  These can not serve as a common transaction or occurrence because Hurricane Katrina effected each property differently, each property was different with respect to its prior condition, and each property was covered by a separately negotiated insurance policy.

Plaintiffs argue that judicial economy will be best served by denying the Motion to Sever.  Specifically, Plaintiffs state that "[t]here is every reason to believe" that the Plaintiffs and the Defendant will each use a single expert for each issue.  Pl. Opp., p. 1.  The Court, however, believes that severance is warranted in this case.  "Any practical benefit accrued through the conservation of judicial resources will be outweighed by the burden imposed on [Defendant] in defending multiple claims, with different factual scenarios, in one trial."  *Rohr*, 2007 WL 163037 at *2.

**IV.     Conclusion**

Accordingly, Defendant State Farm Fire and Casualty Company's Motion to Sever Under Fed. R. Civ. Pro. 21 is GRANTED.

New Orleans, Louisiana, this 25th day of July, 2007.

_____
UNITED STATES DISTRICT JUDGE