UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANNIE CAMPO, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 06-2611 |
| STATE FARM FIRE AND CASUALTY COMPANY | * | SECTION "L"(3) |

ORDER & REASONS

Before the Court is the Defendant State Farm Fire and Casualty Company's Motion to Strike Expert Witnesses For Failure to Comply With Scheduling Order.  (Rec. Doc. No. 31)  For the following reasons, the Motion is GRANTED.

I.      **Factual and Procedural Background**

Plaintiffs in this action–Annie Campo, Edward Naman, Robert M. Freire, Jr. and Susan S. Freire–are all property owners in St. Bernard Parish, Louisiana who allege that they suffered damages to their residences as a result of Hurricane Katrina.  Plaintiffs, who held homeowner's insurance policies for their residences with the Defendant, State Farm Fire and Casualty Company, have sued seeking the full amount of damages and losses caused by Hurricane Katrina alleging that the Defendant has: (1) refused to adjust and apply its own policies of insurance to the Plaintiffs; (2) refused to fairly adjust the Plaintiffs' claims; and (3) refused to fairly compensate the Plaintiffs for their damages and loss.

The Court, on Defendant's motion, severed the Plaintiffs' claims on July 26, 2007. (Rec. Doc. No. 21)  The parties informed the Court that Plaintiffs Robert and Susan Freire's claims against the Defendant would be heard on the previously scheduled trial dates, and the trial

on Plaintiff Annie Campo's claims and the trial on Plaintiff Edward Naman's claims were continued without date. (Rec. Doc. No. 27)

The Court, on January 23, 2007, issued its Scheduling Order. (Rec. Doc. No. 9) Pursuant to the Scheduling Order, "[w]ritten reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than July 2, 2007." A party's failure to comply with the Scheduling Order, without an order to do so issued on motion for good cause shown, will result in the Court not permitting any expert to testify.

The Plaintiff did not provide any expert reports by the July 2, 2007 deadline. Rather, the Plaintiff included the names of two experts on its witness list. (Rec. Doc. No. 30) Indeed, the Plaintiffs' "decision to add the two expert named in Plaintiffs' Witness List was only made by ... counsel on the day the witness list was being compiled. [C]ounsel has not retained or even spoke to either of the potential expert witnesses listed." Pl's Opp., p. 1. (Rec. Doc. No. 32)

**II.     Law and Analysis**

Rule 16(b) allows federal courts to control and expedite the discovery process through a scheduling order. Fed. R. Civ. Pro. 16(b); *see also Journet v. Vehicle VIN No. 1GRAA06283T500670*, Civ. A. No. H-04-4730, 2006 WL 1663708, *9 (S.D. Tex. June 15, 2006). Rules 26(a)(2) and 37(c)(1) allow the Court to strike Plaintiff's expert reports because they were not disclosed to the Defendant by the July 2, 2007 Scheduling Order deadline. *See Barret v. Atlantic Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996). When reviewing a district court's decision to strike expert testimony, the Fifth Circuit examines the following factors: (1)

the explanation, if any for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony. *Id.*; *see also Journet*, 2006 WL at 1663708 *9.

The Plaintiffs' explanation for not complying with the Scheduling Order is two-fold. First, the Plaintiffs' counsel states that his decision to add the names of two experts to his exhibit list was made the day he complied such list in August, 2007, a full month after the deadline for providing expert reports. This explanation is unconvincing.

Second, the Plaintiffs argue that because the experts listed in their witness list have not been retained or specially employed by the Plaintiffs to provide expert testimony, no written report is required. Plaintiffs' counsel's argument that he has not yet retained these experts does not relieve him of his obligation under the Scheduling Order to provide written reports to the Defendant by July 2, 2007. To find otherwise would be to allow litigation by ambush, which is precisely what the discovery rules were designed to prevent.

The Defendant would clearly be prejudiced if these experts are allowed to testify. Although the Plaintiffs are willing to waive the deposition deadline to allow the Defendant to depose any witness on Plaintiffs' witness, the Defendant does not have sufficient time to thoroughly depose the Plaintiffs' experts and to possibly retain experts of their own to refute the Plaintiffs' experts with trial only one month away. Again, allowing the Plaintiffs to ambush the Defendant with two expert witnesses only a month and a half before trail is totally inconsistent with the purpose of the discovery rules.

While it may be possible to avoid any prejudice to the Defendant by continuing the

trial, neither the Defendant nor Plaintiffs have requested a continuance based on the late addition of these experts.  Plaintiffs did file a motion to continue the trial dates on July 2, 2007, arguing that because Plaintiffs' counsel was "ill and essentially bed-ridden for nearly seven weeks in April and May of 2007," and that the parties were attempting to settle the Plaintiffs' claims. (Rec. Doc. No. 18)  In the motion to continue the Plaintiffs stated that "[t]here is a great deal of discovery to be done before expert reports can be completed."  The Court denied the motion to continue after discussion with counsel.  (Rec. Doc. No. 20)  Yet, Plaintiffs' counsel states that he did not even consider using expert testimony until he complied the Plaintiffs' witness list in late August.

Finally, it would seem that the testimony of Plaintiffs' experts is not important in light of the fact that Plaintiffs' counsel has failed to even contact his proposed experts as of yet.  If such testimony was crucial or even important, the Court believes that Plaintiffs' counsel would have arranged for expert witnesses well in advance of the deadline for providing expert reports.

**III.     Conclusion**

Accordingly, Defendant State Farm Fire and Casualty Company's Motion to Strike Expert Witnesses For Failure to Comply With Scheduling Order is GRANTED.

New Orleans, Louisiana this 12th day of September, 2007.

_____
UNITED STATES DISTRICT JUDGE